# IN THE COURT OF APPEALS OF IOWA

No. 17-1321
Filed March 21, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MAX LEE ARTHUR BAXTER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Des Moines County, Mark E. Kruse

(plea) and William L. Dowell (sentencing), Judges.

        Max Baxter appeals his convictions of delivery of a controlled substance.

**AFFIRMED.**

        Trent A. Henkelvig of Henkelvig Law Office, Danville, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee.

        Considered by Vaitheswaran, P.J., Bower, J., and Mahan, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**VAITHESWARAN, Presiding Judge.**

Max Lee Arthur Baxter pled guilty to two counts of delivery of a controlled substance. *See* Iowa Code § 124.401(1)(c)(6) (2017). On appeal, he contends the district court failed to advise him of "any immigration consequences he may face, as required by Iowa [R]ule of Criminal Procedure 2.8(2)(b)(3)." In his view the omission rendered the plea involuntary. The State responds with an error-preservation concern, which we find dispositive.

"A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal." Iowa R. Crim. P. 2.24(3)(a). We will excuse the failure to file the motion and will reach the merits if a district court does not comply with its obligation to "inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal." *See* Iowa R. Crim. P. 2.8(2)(d); *State v. Straw*, 709 N.W.2d 128, 132 (Iowa 2006) (stating a court's failure to comply with rule 2.8(2)(d) "operates to reinstate the defendant's right to appeal the legality of [the] plea" (citing *State v. Loye*, 670 N.W.2d 141, 149 (Iowa 2003))); *see also State v. Diallo*, 905 N.W.2d 394, 395 (Iowa 2017) (noting "the advisory in the written guilty plea form did not substantially comply with rule 2.8(2)(d)"). We will also excuse the failure to file a motion in arrest of judgment and will reach the merits if the omission was based on counsel's ineffectiveness. *Straw*, 709 N.W.2d at 133. Neither mean of reaching the merits applies here.

The district court fulfilled its obligation to inform Baxter of the need to file a motion in arrest of judgment if he wished to challenge his plea, by stating:

> [A]ny challenge to your plea of guilty . . . based upon any alleged defects in the plea proceeding must be raised by filing a motion in arrest of judgment. Such motion must be filed no later than 45 days from today's date and in no case no later than five days prior to the time and date set for sentencing. . . . A failure to raise such challenges precludes or waives your right to raise these challenges on appeal.

Baxter does not alternatively assert the failure to file a motion in arrest of judgment was based on ineffective assistance of counsel. Baxter failed to preserve error and we decline to consider his challenge to the guilty plea.

**AFFIRMED.**